# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| KAREN HUNT, <br><br> Plaintiff, <br><br> v. <br><br> UNITED DEBT SETTLEMENT, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br><br> CASE NO. 1:23-cv-491 <br><br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, KAREN HUNT ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of UNITED DEBT SETTLEMENT, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Credit Repair Organizations Act ("CROA") pursuant to 15 U.S.C. § 1679 *et seq.*, stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1679, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Western District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Michigan.

### PARTIES

1

4. Plaintiff is a consumer over 18-years-of-age residing in Missaukee County, Michigan, which is located within the Western District of Michigan.

5. Defendant is a credit repair organization organized under the laws of the state of New York, with its principal place of business located at 240 West 37th Street, Suite 400, New York, New York 10018. Defendant's registered agent – United States Corporation Agents, Inc. – is located at 7014 13th Avenue, Suite 202, Brooklyn, New York 11228. Defendant regularly conducts business with consumers across the United States, including those residing within the state of Michigan.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. Plaintiff has recently been dealing with derogatory information appearing on her credit report, so she reached out to Defendant for credit repair services.

8. During this phone call, Defendant promised Plaintiff that if she used its services, it would eliminate her debt issues, raise her credit score, and would also be able to get collection efforts to cease.

9. Defendant's representative further advised Plaintiff to stop making payments to her creditors, and instead, to pay Defendant to get any negative accounts deleted.

10. As a result of Defendant's representations, Plaintiff entered into an agreement with Defendant on or about March 2, 2023.

11. Plaintiff fulfilled her duties under the agreement by remitting her scheduled payments, however, several months went by, and Plaintiff saw no improvement with her debt issues or credit score.

12. In fact, Plaintiff's credit score decreased significantly during the period of time in which she was using Defendant's services.

13. Moreover, throughout the entirety of the parties' agreement, Plaintiff also continued to receive systematic phone calls and dunning notices from creditors and debt collectors, despite Defendant's promise that the collections would cease.

14. Plaintiff contacted Defendant a number of times to inquire about the same, and was consistently assured that Defendant would be able to delete her negative accounts and improve her credit score.

15. Based on these assurances, Plaintiff continued to make monthly payments to Defendant.

16. Once again, however, Defendant failed to provide any credit relief for Plaintiff, so Plaintiff finally contacted Defendant and requested that it cancel the program.

17. Defendant rebuffed Plaintiff's request and attempted to persuade her into continuing its services.

18. Ultimately, Plaintiff believed that her monthly payments were going toward Defendant actively working to address her debts; however, Defendant's services provided no benefit to Plaintiff, as Defendant's services failed to result in any marked credit repair to Plaintiff.

19. Furthermore, Defendant's contract with Plaintiff fails to comply with the requirements of state and federal law, as it fails to provide a conspicuous disclosure of Plaintiff's right of cancellation in bold face type in immediate proximity to Plaintiff's signature.

20. Frustrated and distressed over Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

21. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: loss of sleep, emotional distress, aggravation, mental anguish, pecuniary harm stemming from payments made for deficient credit repair services, deprivation of her substantive right to receive information regarding Defendant's services, as well as violations of her state and federally protected interests – interests which were harmed put at a material risk of harm stemming from Defendant's conduct.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

24. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

    **i.    Violations of CROA §§ 1679b(a)(3)-(4)**

25. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from

"engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

26. Defendant violated the above-referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services provided Plaintiff. Defendant represented to Plaintiff the efficacy of its services and that it would be able to eliminate her debt issues, raise her credit score, and would also be able to get collection efforts to cease. However, Defendant failed to deliver any results to Plaintiff.

27. Defendant further deceptively represented the nature of its services when it suggested that it would get Plaintiff's creditors to stop harassing her. Despite this representation Plaintiff has continued to get called by her creditors.

28. Additionally, Defendant violated the CROA through its generally deceptive representations that it would be able to submit effective disputes in connection with the information on Plaintiff's credit report, including a 30 day guarantee. Inherent with Defendant's representations was the notion that there would be an obligation for an investigation to be triggered by Defendant's submission of a credit dispute on Plaintiff's behalf. However, pursuant to 12 C.F.R. § 1022.43(b)(2), the credit reporting agencies are under no obligation to respond to disputes submitted by credit repair organizations like Defendant.

29. Plaintiff relied on Defendant's misrepresentations to her detriment, as she was repeatedly charged monthly fees for services that were not rendered.

### ii. Violations of CROA § 1679b(b)

30. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance

of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

31. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Defendant charged and received money in exchange for services without fully performing those services, in violation of the CROA.

### iii. Violations of CROA §§ 1679d(4) & 1679e

32. The CROA, pursuant to 15 U.S.C. § 1679d(4), requires credit repair organization to include, in the contract between them and a consumer, "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'" 15 U.S.C. § 1679e further outlines the extent of a consumer's cancellation rights under CROA while requiring such disclosure to be given to consumers in writing.

33. Defendant violated 15 U.S.C. §§ 1679d(4) & 1679e through its complete failure to provide the above disclosure in boldface type, and in immediate proximity to the space reserved for Plaintiff's signature on the contract.

WHEREFORE, Plaintiff, KAREN HUNT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3);

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 11th day of May, 2023.  Respectfully Submitted,

*/s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Counsel for Plaintiff, Karen Hunt*